UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONALD CONTENT,

                        Plaintiff,

           -against-

POLICE OFFICER SHANE M. CURRAN
and POLICE OFFICER JONATHAN FISHER,

                      Defendants.
------------------------------------------------------------X

**DECISION AND ORDER**

20 Civ. 5444 (PED)

**PAUL E. DAVISON, U.S.M.J.**

On August 19, 2022, defendants filed a motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule 6.3 (Dkt. #63), seeking reconsideration of this Court's Decision and Order addressing the parties' cross-motions for summary judgment (Dkt. #55), familiarity with which is presumed. Specifically, defendants assert that the Court erred by failing to address defendants' argument that they are entitled to qualified immunity on plaintiff's excessive force claims. Dkt. #65. For the reasons that follow, plaintiff's motion is **DENIED**.

"[A] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) (quotation marks and citation omitted). "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Van Buskirk*, 935 F.3d at 54 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked"). Thus, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Occilien v. Related Partners, Inc.*, No. 19 Civ. 7634, 2021 WL 1222289, at *1 (S.D.N.Y. Apr. 1, 2021) (citation omitted).

Defendants' contend that this Court erred in its underlying Decision and Order (Dkt. #55) by failing to address defendants' argument that they are entitled to qualified immunity on plaintiff's excessive force claims. In their Memorandum of Law in Support of their summary judgment motion (Dkt. #47), defendants broadly posited that they are entitled to qualified immunity but, after a recitation of the legal standards governing qualified immunity, defendants specifically addressed qualified immunity only as it pertained to plaintiff's false arrest claim. Dkt. #47, at 24-26 (ECF pagination). In response to defendants' summary judgment motion, plaintiff noted that defendants "do not claim that they are entitled to qualified immunity on the [p]laintiff's excessive force claims" and disputed defendants' contention that they had arguable probable cause to arrest plaintiff. Dkt. #44, at 26 (ECF pagination). In reply, defendants argued for the first time that they were entitled to qualified immunity "on plaintiff's excessive force

cuffing claim." Dkt. #53, at 20 (ECF pagination).[1]

Contrary to defendants' assertion, this Court did not overlook defendants' argument that they are entitled to qualified immunity on plaintiff's excessive force claims. Rather, the Court did not reach the issue because defendants raised it for the first time in their reply brief. "[I]t is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief[.]" *MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, No. 20 Civ. 2102, 2021 WL 3371621, at *2 n.2 (S.D.N.Y. Aug. 2, 2021) (quotation marks and citation omitted). *See also United States v. Canada*, 858 F. App'x 436, 441 n.3 (2d Cir. 2021) ("We generally treat arguments raised for the first time in a reply brief as waived." (quoting *United States v. George*, 779 F.3d 113, 119 (2d Cir. 2015))); *Jericho Group Ltd. v. Mid-Town Dev. Ltd. P'ship*, 816 F. App'x 559, 564 (2d Cir. 2020) (citing *JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. v. C.V.*, 412 F.3d 418, 428 (2d Cir. 2005)) (explaining that courts generally do not consider arguments raised for the first time in reply briefs); *Altowaiti v. Wolf*, No. 18 Civ. 508, 2021 WL 2941753, at *6 n.4 (S.D.N.Y. July 12, 2021) ("Generally, a court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it." (quoting *Sacchi v. Verizon Online LLC*, No. 14 Civ. 423, 2015 WL 1729796, at *1 n.1 (S.D.N.Y. Apr. 14, 2015))); *Rowley v. City of New York*, No. 00 Civ. 1793, 2005 WL 2429514, at *6 (S.D.N.Y. Sept. 30, 2005) ("Defendants' qualified immunity defense should have been raised prior to the reply papers and shall not be considered.").

---

[1] Even on reply, defendants did not seek qualified immunity on plaintiff's excessive force claim based upon his allegation that the officers gratuitously inflicted pain in a manner which was unreasonable under the circumstances.

In sum, defendants have failed to identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho*, 991 F.3d at 170. Accordingly, defendants' motion for reconsideration is **DENIED**.

The Court will conduct a **telephone conference on October 28, 2022 at 9:30 a.m.**

The Clerk of the Court is respectfully directed to terminate the pending motion (Dkt. #63).

Dated: September 30, 2022
       White Plains, New York

SO ORDERED.

_____
PAUL E. DAVISON, U.S.M.J.